[No. 1569.]

## T. M. CAIN AND ANOTHER v. THE STATE.

1. TRIAL AND JUDGMENT IN MISDEMEANORS—PRACTICE.—The Code of Procedure, Article 596, requires the personal presence of the defendant at a trial for a misdemeanor punishable wholly or in part by imprisonment in the county jail. But it does not follow that a judgment for a pecuniary fine only is void because rendered against a defendant who, though absent, was allowed to appear by counsel at his trial for a misdemeanor punishable by either fine or imprisonment, or both. The waiver of the defendant's presence, however, at the trial of such a case, was in violation of law.

2. SAME—BAIL BOND—CASE STATED.—Plaintiffs in error became sureties on the bail bond of one H., who was charged with aggravated assault. At the ensuing term of the County Court, the county attorney agreed that H. might appear by counsel, and the trial resulted in judgment against H. for a fine of twenty-five dollars. Nine months thereafter, the court, on motion of the county attorney, vacated the judgment because the defendant was not personally present at the trial; and thereupon the case

was called for trial *de novo*, and, without process or notice to H. or his sureties, a forfeiture of the bail bond was taken and judgment *nisi* entered. At a subsequent term, judgment final was rendered, and the sureties prosecute error thereupon. *Held*, that the judgment cannot be sustained. and the cause is dismissed.

Error from the County Court of Rains. Tried below before the Hon. E. P. Kearby, County Judge.

The opinion of this court sufficiently states the case.

*C. H. Yoakum* and *H. W. Martin*, for the plaintiffs in error: When the cause of the State against H. D. Hall was determined at the September term, 1880, of the County Court of Rains, and a plea of guilty entered, and judgment thereon, the terms of the bail bond were satisfied. and the sureties were no longer liable thereon. The case of *The State* v. *Hall* being for a misdemeanor, the County Court had jurisdiction to try the same in the absence of the defendant, and the judgment of conviction, with the consent of the county attorney, was not void. (Code Crim. Proc., Art. 809; Id., Art. 818; Id., Art. 778; Id., Art. 711.)

The court erred in allowing a judgment of conviction to be set aside in a criminal cause upon a motion coming from the State. A judgment having been rendered against a defendant in a criminal cause, it was a finality. Upon the trial of a criminal cause before a court having competent jurisdiction to try the same, the defendant alone could take any advantage of the same; and no motion for new trial or to set aside a verdict could be heard, coming from the State. (Code Crim. Proc., Art. 776.)

The order of the court sustaining the motion of the county attorney to set aside a judgment of the court at a former term, without notice to the defendant or those to be affected thereby, was without jurisdiction and a nullity. Whenever a final judgment is rendered in any cause in any court which has jurisdiction of the subject matter, the court, after the term closes at which the judgment was rendered, loses all jurisdiction of the case, and certainly cannot, upon a motion, without notice to the opposite party, have any action taken in the case.

The judgment *nisi* and the final judgment, being based upon an order of the court upon a motion to set aside a judgment of conviction, made at a term subsequent to the term at which the conviction was had, they are without warrant of law and can have no legal standing in a court of justice.

The main question in this case may here be discussed. Was the judgment of the court convicting Hall void? If it was not, then any action in the case after the September term, A. D. 1880, of the County Court of Rains county, was entirely void, and the motion and order setting aside that conviction can have no legal standing in any court; and the judgment against these plaintiffs in error, being based upon that order alone, if there is a valid judgment of conviction against Hall, then no judgment *nisi* could be rendered after he was convicted. We think the sheriff would have been justified in arresting Hall and imprisoning him until his fine and costs were paid; and if this judgment would have protected an officer in arresting him, it certainly cannot be set aside by the State, and could not be set aside by the defendant himself, upon the ground that judgment was rendered against him in his absence. (Code Crim. Proc., Art. 778.)

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. On the fifteenth day of July, 1880, information was filed in the County Court against one H. D. Hall, for aggravated assault. T. M. Cain and J. J. Austin became the sureties upon his bail bond for his appearance before the County Court to answer said charge.

At the September term of said court for criminal business, Hall pleaded guilty, and, a jury being waived, the court assessed a fine of twenty-five dollars as a punishment. Upon the finding of the court the following judgment was entered:

"It is therefore ordered, adjudged and decreed by the court that the State of Texas recover of the said defendant, H. D. Hall, the sum of twenty-five dollars, and all the costs of this prosecution; and the defendant not being present, that a capias issue forthwith, commanding the sheriff to arrest the defendant, and commit him to jail until such fine and costs are paid; and that execution may issue against the property of said defendant for the amount of such fine and costs."

At the June term, 1881, on the ninth day of the month, the county attorney filed a motion to set aside and vacate the judgment rendered and entered at the September term, 1880. This motion was sustained and the judgment set aside. The case of *The State* v. *H. D. Hall* being called, Hall failing to appear, judgment *nisi* was taken and entered against Hall and his sureties, Cain and Austin. Final judgment being rendered at a

subsequent term, Cain and Austin bring the case to this court by writ of error.

Two questions are raised in this record: First—Was the judgment against Hall, entered at the September term, 1880, for twenty-five dollars, void? Second—If void, were the sureties, after the rendition of the same, still responsible for the appearance, at subsequent terms of the court, of their principal, Hall?

We have no doubt but that the honorable court below was controlled by Articles 596 and 597, Code of Criminal Procedure, in holding said judgment void. But does it follow that the absence of the defendant, in cases in which his presence is required by the Code, will render a judgment for fine only void? We are of the opinion that it will not.

In the case before us, it appears that the county attorney agreed that Hall should appear by counsel. This was in violation of the Code; but it does not follow that the judgment rendered in the absence of defendant, for a fine, would be absolutely void. We are strengthened in this view by Articles 804, 805 and 806.

Article 804 provides that judgments in misdemeanors may be rendered in the absence of defendant. Articles 805 and 806 provide what judgments shall be rendered in the absence of defendant.

Article 806 provides that "when the punishment assessed is any other than a pecuniary fine, the judgment shall specify it, and shall order its enforcement by the proper process. It shall also adjudge the cost against the defendant, and order the collection thereof, as in other cases."

We are of the opinion that the judgment against Hall for the twenty-five dollars was not void.

But, concede that the judgment was void absolutely, shall the State, after taking this judgment in a court of competent jurisdiction, be permitted to vacate the same nine months after its rendition, without notice to the parties, and still hold the sureties responsible for the appearance of their principal, Hall? To hold the sureties responsible under the above facts would work them a very great injustice, such as this court cannot sustain. We could demonstrate the wrong, but deem it too evident to be necessary.

The judgment is reversed and this case is ordered to be dismissed.

*Reversed and dismissed.*